T.C. Memo. 2008-299

UNITED STATES TAX COURT

GREGORY H. HAUBRICH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24079-06.                    Filed December 30, 2008.

<u>Frederick J. O'Laughlin</u>, for petitioner.

<u>William F. Castor</u>, for respondent.

MEMORANDUM OPINION

MARVEL, <u>Judge</u>:  Petitioner timely petitioned this Court for
redetermination of an income tax deficiency of $2,245 for 2004
determined by respondent in a notice of deficiency dated
August 22, 2006.  The deficiency is attributable to the
disallowance of a $12,625 alimony deduction petitioner claimed on
his 2004 Federal income tax return.  The issues for decision are

whether petitioner is entitled to a deduction for alimony paid during 2004 pursuant to section 215[1] and if so, the amount.

## Background

The parties submitted this case fully stipulated pursuant to Rule 122. Our findings of fact consist of the stipulated facts and facts drawn from stipulated exhibits.

Petitioner resided in Oklahoma when he petitioned the Court.

## Petitioner's Divorce Decree

In 2001 Betty A. Haubrich (Ms. Haubrich) filed for divorce from petitioner in the District Court of Oklahoma County, Oklahoma (district court). On August 13, 2003, the district court entered a decree of divorce dissolving the marriage of Ms. Haubrich and petitioner and approving a Joint Custody Plan that was attached to the divorce decree as Exhibit A and incorporated therein and that set forth the custody arrangements regarding the two minor children of petitioner and Ms. Haubrich--MMH and ODH.

Among other things, the divorce decree provided the following:

1. Petitioner and Ms. Haubrich have joint custody over the children, but Ms. Haubrich is the primary custodial parent and

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

has physical custody of the children, subject to the agreed visitation rights of petitioner.

2.   Petitioner must pay Ms. Haubrich child support of $1,000 per month starting June 1, 2003, and continuing on the first day of each month thereafter for MMH through age 18 and for ODH until her 21st birthday or further order of the Court.

3.   Petitioner must pay a $3,500 child support arrearage[2] at the rate of $250 per month starting July 15, 2003, and continuing on the 15th day of each month thereafter until the arrearage is fully paid.

4.   Petitioner must pay Ms. Haubrich support alimony of $72,000, at the rate of $1,000 per month starting July 2003 and continuing each month thereafter until the full alimony award is satisfied.

5.   Petitioner and Ms. Haubrich are to share responsibility for the children's medical insurance premiums and health expenses not compensated by insurance in the following percentages: petitioner (75 percent) and Ms. Haubrich (25 percent).  If petitioner or Ms. Haubrich pays more than the required percentage, the other party has to reimburse the payor within 30 days of receipt of the appropriate expense documentation (reimbursement obligation).

---

[2]The arrearage arose under an Agreed Temporary Order that had been entered in the divorce proceeding on Jan. 4, 2002.

Petitioner's 2003 Payment Obligations and Payments

The divorce decree required petitioner to make installment payments of $14,500 ($7,000 of child support, $6,000 of support alimony, and $1,500 toward the child support arrearage) during 2003. However, petitioner made payments of only $5,375, leaving a payment shortfall of $9,125 for 2003. Ms. Haubrich, who kept spreadsheets of payments due under the divorce decree, applied the 2003 payments of $5,375 to child support ($2,675), support alimony ($2,325), and arrearage ($375).

After accounting for the 2003 payments, Ms. Haubrich's spreadsheets showed that petitioner owed the following unpaid amounts for 2003: Child support ($4,325), support alimony ($3,675), and child support arrearage ($1,125).

On March 8, 2004, the district court entered an order awarding Ms. Haubrich a judgment against petitioner of $12,825,[3] representing the unpaid child support, support alimony, and child support arrearage through February 2004.

Petitioner's 2004 Payment Obligations and Payments

The divorce decree required petitioner to make total installment payments during 2004 of $26,000 ($12,000 of child support, $12,000 of support alimony, and $2,000 toward the child support arrearage). The divorce decree also required petitioner

---

[3]Ms. Haubrich's spreadsheets showed a delinquency totaling $12,875 for the same period.

to pay his reimbursement obligation, which totaled $6,022.49 according to Ms. Haubrich's spreadsheets.[4]  Petitioner, however, made payments under the divorce decree during 2004 totaling only $17,962.82, $14,059.67 less than the divorce decree required. Ms. Haubrich applied the 2004 payments as follows:  $4,325 to 2003 child support, $12,000 to 2004 child support, $142.64 to the child support arrearage, $1,495.18 to petitioner's reimbursement obligation, and none to support alimony.[5]  After applying the 2004 payments as described above, Ms. Haubrich's spreadsheets showed the following balances due from petitioner as of the end of 2004:  Unpaid child support installments from 2003 and 2004-- none; unpaid support alimony from 2003 and 2004--$15,675; unpaid balance of child support arrearage--$3,982.36;[6] unpaid balance of petitioner's share of children's health expenses--$4,527.31.

---

[4]According to Ms. Haubrich's spreadsheet, which was a stipulated exhibit, the children's medical/dental expenses for 2004 totaled $8,029.98, and petitioner's share totaled $6,022.49 (75 percent x $8,029.98).

[5]Petitioner stipulated that his reimbursement obligation for 2004 was at least $1,495.18.  However, he did not object to the admission of Ms. Haubrich's spreadsheets, and he did not stipulate that he disputed the accuracy of any items on the spreadsheets.

[6]The total child support arrearage resulting from the temporary order was $3,500.  The divorce decree required petitioner to pay the arrearage in 14 equal monthly payments of $250.  Ms. Haubrich's spreadsheets record 18 payment installments, resulting in what appears to be an incorrect balance.

Petitioner's 2004 Return; Notice of Deficiency

Petitioner filed a Form 1040, U.S. Individual Income Tax Return, for 2004 on which he claimed an alimony deduction of $12,625 for alimony he claimed he paid to Ms. Haubrich.  In the notice of deficiency that was issued to petitioner for 2004, respondent disallowed the alimony deduction in full.

## Discussion

A taxpayer who receives alimony payments during a taxable year must include those payments in his or her gross income for the year in which the payments are received.  Sec. 71(a).  A taxpayer who makes alimony payments that satisfy the requirements of section 215 may deduct those payments on the income tax return for the year in which the payments are made.  Sec. 215.

Section 71(b)(1) defines the term "alimony" as follows:

> SEC. 71(b). Alimony or Separate Maintenance Payments Defined.--For purposes of this section--
>
>> (1) In general.--The term "alimony or separate maintenance payment" means any payment in cash if--
>>
>>> (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,
>>>
>>> (B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,
>>>
>>> (C) in the case of an individual legally separated from his spouse under a decree of divorce or separate maintenance, the payee

> spouse and the payor spouse are not members of the same household at the time such payment is made, and
>
> (D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

However, section 71(c)(1) provides that alimony does not include that part of any payment which the terms of the divorce or separation instrument fix (in terms of an amount of money or a part of the payment) as a sum which is payable as child support. See also Daley v. Commissioner, T.C. Memo. 1991-555, affd. without published opinion 982 F.2d 528 (10th Cir. 1992). If any payment is less than the required child support payment specified in the relevant divorce or separation instrument, then the payment is applied first to satisfy the payor's child support obligation. Sec. 71(c)(3); see also Hazam v. Commissioner, T.C. Memo. 2000-71; Thornton v. Commissioner, T.C. Memo. 1992-286; Daley v. Commissioner, supra.

The divorce decree required petitioner to make total installment payments of $26,000 during 2004, consisting of child support payments of $12,000, payments of $2,000 toward the child support arrearage that had accumulated because of petitioner's failure to make child support payments under the temporary order, and support alimony of $12,000. The divorce decree also required petitioner to pay his reimbursement obligation, which totaled

$6,022.49 for 2004 according to Ms. Haubrich's spreadsheets.  In addition, because petitioner paid only $5,375, which should have been applied to his 2003 child support and arrearage obligation of $8,500, petitioner still owed $3,125 in unpaid child support/arrearage for 2003.[7]

Petitioner paid only $17,962.82 during 2004.  The issue we must decide is whether petitioner properly deducted any portion of that amount as alimony under section 215.  The answer is no. Under section 71(c)(3) payments must first be applied to a taxpayer's unpaid child support obligation, and any payments so applied are not alimony.  Petitioner's unpaid child support obligation (including the unpaid child support arrearage and petitioner's reimbursement obligation) before application of petitioner's 2004 payments were as follows:

| | |
|---|---:|
| 2004 child support obligation | $12,000.00 |
| 2004 child support arrearage | 2,000.00 |
| 2003 unpaid child support | 3,125.00 |
| 2004 reimbursement obligation | 6,022.49 |
| Total child support obligation due | 23,147.49 |

Because petitioner's total payments for 2004 of $17,962.82 were less than the total child support that he owed for 2004 (including arrearages and reimbursement obligation), the payments must be allocated to child support and may not be deducted as

---

[7]Because his payments should have been applied first to his 2003 child support obligation and to his child support arrearage, see sec. 71(c)(3), petitioner also owed $6,000 of support alimony for 2003.

alimony under section 215.  Sec. 71(c)(3); see also <u>Hazam v. Commissioner</u>, <u>supra</u>.[8]

 To reflect the foregoing,

<u>Decision will be entered for respondent</u>.

---

[8]In making this analysis, we have disregarded Ms. Haubrich's allocation of the 2003 and 2004 payments she received.  Although Ms. Haubrich allocated a portion of the 2003 payments to alimony, sec. 71(c) specifies the rules we must follow in determining whether a payment is treated as child support instead of alimony for Federal income tax purposes.  However, even if we were to accept Ms. Haubrich's allocation as controlling, we would still conclude that petitioner is not entitled to an alimony deduction for 2004 because petitioner's unpaid child support obligation (including petitioner's reimbursement obligation) in 2004 using Ms. Haubrich's figures was even higher than the figure calculated herein.